1
2
3
4        UNITED STATES DISTRICT COURT
5        DISTRICT OF NEVADA
6        * * *
7    LEE R. TURNER,                          Case No. 2:14-CV-1205 JCM (VCF)
8                          Plaintiff(s),                    ORDER
9        v.
10   THE PAUL REVERE LIFE INSURANCE
     COMPANY, et al.,
11
12                         Defendant(s).
13
14           Presently before the court is plaintiff Lee R. Turner's motion to remand.  (Doc. # 8).
15   Defendants UNUM Group and Paul Revere Life Insurance Company ("Paul Revere") filed a
16   response (doc. # 15), and plaintiff filed a reply (doc. # 16).

17   I.      **Background**

18           This action arises from an insurance dispute between two out-of-state insurers and a
19   Nevada resident.  (*See* doc. # 1, Exh. A ¶¶ 1-3).  Plaintiff has alleged that the amount in
20   controversy exceeds the jurisdictional amount.  (*See* doc. # 1, Exh. E, p. 5).  The only question in
21   this case is whether defendants' removal was timely.

22           On or around April 24, 2014, plaintiff filed the summons and complaint in this action in
23   the Eighth Judicial District Court for Clark County, Nevada.  (*See* doc. # 15).  It is undisputed
24   that defendant UNUM Group was properly served on April 28, 2014, and defendant The Paul
25   Revere was properly served on April 30, 2014.  (*See* docs. ## 8, 15).

26           In the complaint, the prayer for relief sought an award of general and special damages "in
27   an amount in excess of $10,000.00."  (*See* doc. # 1, Exh. A).  The prayer for relief also sought an
28   award of "compensatory, consequential, statutory, exemplary and punitive damages in an amount

**James C. Mahan**
**U.S. District Judge**

1   in excess of $10,000.00." (*See id.*). The complaint sought costs and attorneys' fees in an

2   unspecified amount. (*See id.*). Defendants answered the complaint on June 6, 2014. (*See* doc. #

3   15).

4        On June 26, 2014, plaintiff filed and served its request for exemption from arbitration.

5   (*See* docs. ## 8, 15). In this request, plaintiff claimed special damages totaling $2,946,184.74

6   and future medical expenses and punitive damages in an amount to be determined. (*See* doc. #

7   15). Defendants removed the case on July 24, 2014, twenty-eight days after receipt of plaintiff's

8   request for exemption from arbitration. Defendants removed eighty-five days after serving the

9   last defendant with its complaint, fifty-five days past the deadline established in 28 U.S.C. §

10   1446(b)(1).

**II.   Legal Standard**

12        In deciding whether removal is proper, courts strictly construe the removal statute against

13   finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing

14   the removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d

15   1083, 1087 (9th Cir. 2009); *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831,

16   838 (9th Cir. 2004) ("The removal statute is strictly construed against removal jurisdiction, and

17   the burden of establishing federal jurisdiction falls to the party invoking the statute"). "Where

18   doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*

19   *v. Progressive Specialty Ins, Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus v. Miles,*

20   *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

21        *A.    Timely Removal*

22        Plaintiff argues that the court should remand this matter based on the defendants'

23   untimely petition for removal. Two clauses from the removal statutes govern the analysis of

24   timeliness.

25        Title 28 U.S.C § 1446(b)(1) states:

26        The notice of removal of a civil action or proceeding shall be filed within 30 days after
the receipt by the defendant, through service or otherwise, of a copy of the initial

27        pleading setting forth the claim for relief upon which such action or proceeding is based,
or within 30 days after the service of summons upon the defendant if such initial pleading

28        has then been filed in court and is not required to be served on the defendant, whichever
period is shorter.

**James C. Mahan**
**U.S. District Judge**

Title 28 U.S.C. § 1446(b)(3) states:

Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court sua sponte or on motion of a party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988). The timing requirement of Section 1446(b) is "mandatory," but it is not jurisdictional. *See Hones v. Young*, 2013 WL 593401, No. 2:12-cv-1951-JCM-PAL, at *2 (D. Nev. Feb. 13, 2013) *quoting Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008); *see also Dial–In, Inc. v. Aro Corp.*, 620 F. Supp. 27, 29 (N.D. Ill. 1985) ("The thirty-day period set forth in § 1446(b) is mandatory and cannot be extended by consent of the parties or by court orders.").

Under § 1446(b), two separate thirty-day windows exist for when a case may be removed: (1) after the defendant receives the initial pleading; and (2) after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id*. at 694.[1]

## III.   Discussion

As § 1446(b)(1) states, the defendant had thirty days to file its petition for removal. Plaintiff served defendants on April 28, 2014 and April 30, 2014, allowing for a timely petition for removal if filed on or before May 30, 2014. The defendants filed the petition for removal on July 24, 2014. This filing occurred eighty-five days after service of the last defendant, and fifty-

---

[1]  In *Harris,* the court found that "Harris's initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint." *Id*. at 695.

James C. Mahan
U.S. District Judge

five days past the deadline established in 28 U.S.C. § 1446(b)(1).  Thus for removal to be procedurally proper, the court must look to 28 U.S.C. § 1446(b)(3).

Under 28 U.S.C. § 1446(b)(3), the second thirty-day window for removal begins "after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris*, 425 F.3d at 692.

Plaintiff argues that the complaint adequately pled the amount in controversy to trigger the timeline for removal under 28 U.S.C. § 1446(b)(1), thirty days from service of the complaint on the final defendant.   To support this assertion, plaintiff points to the first page of his complaint, which states "Arbitration Exemption: 1. Damages in Excess of $50,000."  (*See* doc. # 16).  Plaintiff believes this statement, combined with plaintiff's three claims for relief: (1) breach of contract, (2) breach of covenant of good faith and fair-dealing – bad faith under common law, and (3) a violation of the Nevada Unfair Practices Act, clearly put defendants on notice that the amount in controversy requirement had been satisfied.  (*See id.*).

Further, plaintiff argues he factually put defendants on notice that his damages exceeded $75,000 based on allegations in the complaint including:

- Defendants have engaged in a pattern and practice of bad faith conduct in an effort to maximize their own financial gains.

- As a result of defendants' breach of contract, Dr. Turner suffered from consequential damages due to his inability to meet his own financial obligations.

- Defendants placed their own pecuniary interests above their insured's interests even though they knew, or should have known, that Plaintiff was totally disabled under the policy.

- In breaching the covenant of good faith and fair dealing, Defendants acted without a reasonable basis in handling Dr. Turner's claim under his Policy and/or in terminating his claims for benefits.

(*See* doc. # 8 *quoting* doc. # 1, Exh. 1 at ¶¶ 65, 83, 93, 95).

James C. Mahan
U.S. District Judge

- 4 -

1      Finally, plaintiff alleges that defendants completely ignore plaintiff's punitive damages

2  claim in excess of $10,000, which is included in the amount in controversy requirement.

3  Therefore, plaintiff argues that defendant could tell the $75,000 jurisdictional threshold had been

4  met based on the plain face of the complaint.  Accordingly, 28 U.S.C. § 1446(b)(1) applies and

5  defendants had thirty days after receipt by or service of the initial pleading or summons – until

6  May 30, 2014 – to file the notice of removal.  (*See* doc. # 8).  Defendants did not remove until

7  July 24, 2014.  (*See* doc. # 8).  Therefore, plaintiff argues that removal was not timely as it was

8  filed eighty-five days after service.  (*See id.*).

9      Defendants counter that plaintiff's complaint was not immediately removable, because

10  the complaint did not clearly allege an amount in controversy exceeding the jurisdictional

11  requirement of $75,000.  Accordingly, the thirty-day time limit for removal did not begin to run

12  until defendants received the paper from which it could first ascertain that the case was

13  removable – the exemption from arbitration form alleging $2,946,184.74 in special damages.

14  Because plaintiff's exemption from arbitration document, filed on June 26, 2014, was the first

15  document alleging that the amount in controversy exceeded $75,000, defendants assert that the

16  July 24, 2014 removal of this action was timely.  (*See* doc. # 15).  Defendants removed this

17  action on July 24, 2014, twenty-eight days after they allegedly first became aware that the

18  amount in controversy standard had been met.  (*See id.*).

19      The court finds that plaintiff's initial complaint did not affirmatively reveal information

20  to trigger removal based on diversity jurisdiction.  The clues of "Arbitration Exemption: 1.

21  Damages in Excess of $50,000," claims for relief "in excess of $10,000" for three claims, and

22  factual allegations highlighted by plaintiff were not concrete enough, separately or together, to

23  inform defendants that the jurisdictional standard had been met on the face of the complaint.

24  Defendants could only conclude by certainty that plaintiff was seeking damages in excess of

25  $50,000, and could not be sure that the $75,000 threshold requirement was met.

26      Because the court does not recognize a duty to make further inquiry, *see Harris*, 425 F.3d

27  at 694, 696-98, the defendant's removal after receipt of plaintiff's exemption from arbitration

28  document was proper under 28 U.S.C. § 1446(b)(3).  Though Nevada state courts require that

**James C. Mahan**
**U.S. District Judge**

demand be made only for damages "in excess of $10,000" without further specification of amount where a claimant seeks damages of more than $10,000, there are ways for a plaintiff to put a defendant on notice of the specific amount in controversy alleged, such as with an exhibit demonstrating the breakdown of claimed damages. *See* Nev. R. Civ. P. 8(a). As of the date of the petition for removal, no amended pleading, motion, order or other paper was filed stating that the alleged amount in controversy exceeded $75,000. The first paper from which defendants were on notice that the alleged amount in controversy did in fact exceed $75,000 was the exemption from arbitration form filed on June 26, 2014. Therefore, the defendant's July 24, 2014 petition for removal was timely.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Lee R. Turner's motion to remand (doc. # 8) be, and the same hereby is, DENIED.

DATED December 16, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge