Walter R. Cannon
Nevada Bar No. 001505
E-mail: wcannon@ocgas.com
OLSON, CANNON, GORMLEY, ANGULO
& STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Tel: 702.384.4012   Fax: 702.383.0701

Attorneys for Defendants The Paul Revere Life
Insurance Company and Unum Group

Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
Edith S. Shea, (SBN 177578)
E-mail: eshea@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendants The Paul Revere Life
Insurance Company and Unum Group

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEE R. TURNER, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts corporation; UNUM GROUP, a Delaware corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　Defendants. | Case No. 2:14-cv-01205-JCM-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

///
///
///
///
///

LA #4810-9725-2645 v1　　　　　　　- 1 -

1   Plaintiff Lee R. Turner and Defendant The Paul Revere Life Insurance Company agree
2   through their respective attorneys of record as follows:

4   1.   The parties hereto may designate as confidential material all or any part of
5   documents produced by them in response to various requests for production of documents or at
6   deposition. The parties agree that the designation of material as confidential shall be made by
7   them only after a bona fide determination that the material is in fact confidential, trade secret or
8   proprietary, or protected under privacy laws.

10   2.   The designation shall be made prior to, or contemporaneously with, production or
11   disclosure of that material.

13   3.   Material or information designated as confidential under this Stipulation and
14   Protective Order shall not be used or disclosed by the party to whom the confidential material or
15   information is produced, or its counsel or any person acting on its behalf, to any other persons
16   except as provided for hereinafter and shall not be used by the party for any business or
17   competitive purposes or for any other purposes whatsoever other than the preparation and trial of
18   this action and any appeal herein.

20   4.   The party to whom confidential material or information is produced and its
21   counsel shall not disclose or permit the disclosure of any material or information designated as
22   confidential under this Stipulation and Protective Order to any other person or entity, except in
23   the following circumstances:
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

(a) Disclosure may be made to employees of counsel who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulation and Protective Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter "experts") employed by their counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Stipulation and Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." A copy of each executed Confidentiality Agreement shall be furnished to the opposing party if and when the expert is identified as a testifying expert. A copy of each executed Confidentiality Agreement not otherwise previously provided shall be furnished to counsel prior to trial of this action. In no event shall any disclosure be made to employees, officers or directors of any competitors of the parties, irrespective of whether they are retained as an expert.

(c) Disclosure may be made to the parties by counsel to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, the parties shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulation and Protective Order requiring that the protected materials be held in confidence and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A".

///
///
///

5.   Counsel shall keep all material or information designated as confidential which is received under this Stipulation and Protective Order within its exclusive possession and control, except as provided hereinafter in paragraph 6, and shall immediately place such material and information in a secure location.

6.   Any person having access to material or information designated confidential under this Stipulation and Protective Order shall similarly treat any extracts, summaries, or descriptions of the material or information or any portion or copies thereof as confidential. Further, no person having access to the material or information designated confidential under this Stipulation and Protective Order shall make any copy, extract, summary, or description of the material or information or any portion thereof, except for copies, extracts, summaries or descriptions maintained in counsel's offices and/or furnished by counsel to consultants or experts in preparation for deposition or trial.

7.   Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Stipulation and Protective Order. Any objection to the classification of a document as "confidential" may be brought by noticed motion or *ex parte*, with notice pursuant to Local Rules and/or the Code of Civil Procedure. Counsel shall meet and confer on any disputed claim of confidentiality before presenting the matter to court for resolution.

8.   In connection with any pre-trial motion or other proceeding or during trial, if a party offers into evidence any documents, exhibits, or other materials that has been designated as confidential, that evidence shall be submitted with a request to have the documents placed under seal. in accordance with Local Rule 10-5.

/ / /
/ / /

9. Upon final termination of this action, whether by judgment, settlement or otherwise, each counsel shall return all materials in their possession or subject to their control (including but not limited to materials furnished to consultants and/or experts) that was designated as confidential material in accordance with this Stipulation and Protective Order, upon request of the designating counsel.

DATED: June 26, 2015

By: /s/ *Joseph A. Gutierrez* [as authorized on 6/26/15]
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
PAUL A. SHPIRT, ESQ.
Nevada Bar No. 10441
EGLET LAW GROUP
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
eservice@egletlaw.com
and
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
LUIS A. AYON, ESQ.
Nevada Bar No. 9752
MAIER GUTIERREZ AYON
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
jag@mgalaw.com & jaa@mgalaw.com
Attorneys for Plaintiff Lee R. Turner

IT IS SO ORDERED As Amended.

UNITED STATES MAGISTRATE JUDGE
DATED: June 29, 2015

Dated: June 26, 2015

By: /s/ *Edith S. Shea*
DANIEL M. MAGUIRE, ESQ.
California Bar No. 120002 (Admitted *Pro Hac Vice*)
EDITH S. SHEA, ESQ.
California Bar No.: 177578 (Admitted *Pro Hac Vice*)
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower St., Suite 2400
Los Angeles, CA 90071
dmaguire@bwslaw.com & eshea@bwslaw.com
and
Walter R. Cannon, Esq.
Nevada Bar No. 1505
OLSON CANNONGORMLEY ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
wearnnon@ocgas.com
Attorneys for Defendants The Paul Revere Life Insurance
Company and Unum Group

# Exhibit A

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she read the **Confidentiality Stipulation and Protective Order** executed by the attorneys of record for the parties in the action presently pending in the United States District Court, District of Nevada entitled <u>**Lee R. Turner, an individual v. The Paul Revere Life Insurance Company, a Massachusetts corporations; Unum Group, a Delaware Corporation; DOES 1 through X; and ROE CORPORATIONS 1 through X, inclusive**</u>, Case No. 2:14-cv-01205-JCM-VCF, understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms.

DATED:_____     _____

_____
Print Name and Title