**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LEE R. TURNER,

                Plaintiff,

vs.

THE PAUL REVERE LIFE INSURANCE COMPANY, *et al.*,

                Defendants.

Case No. 2:14–cv–1205–JCM–VCF

**ORDER**

MOTION TO COMPEL (#28)

      This matter involves Dr. Lee R. Turner's bad-faith insurance action against the Paul Revere Life Insurance Company. Before the court is Dr. Turner's Motion to Compel (#28[1]). Defendant opposed (#30) and Dr. Turner replied (#33). For the reasons stated below, Dr. Turner's motion is granted in part and denied in part.

## I. BACKGROUND

      Plaintiff Lee R. Turner was dentist for over twenty years. On October 20, 1990, he obtained a life-insurance policy from Defendant Paul Revere Life Insurance Company ("Paul Revere"). The life-insurance policy provided coverage for loss due to injury or sickness.

      In the fall of 2011, Dr. Turner became ill and was unable to work. In January of 2012, Paul Revere began paying disability insurance benefits provided by the policy. On April 27, 2012, Paul Revere stopped paying Dr. Turner's benefits. He appealed Paul Revere's decision to deny his claim, and prevailed. The company agreed to issue back payments from April 27, 2012 through November 7, 2012.

---

[1] Parenthetical citation refer to the court's docket.

Four days later, Dr. Turner was severely injured in a car accident and hospitalized from November 20, 2013 through January 4, 2014. At the time of the accident, he was uninsured. He now claims that Paul Revere breached his contract and engaged in bad-faith insurance because he could not reinstate his medical or life-insurance policies before the accident on account of Paul Revere's failure to issue the back pay until after the accident occurred.

On July 20, 2015, Dr. Turner filed the instant Motion to Compel. It seeks four categories of information: "(1) prior testimony/deposition transcripts and/or affidavits from employees who handled Plaintiff's claim; (2) employee training documents from Defendant's training session entitled 'Defining the Scope of the Insured's Own or Regular Occupation,'; (3) employee performance reviews from employees who handled Plaintiff's claims; and (4) Defendant's corporate ethics manual." (Doc. #28 at 3).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. Information falls within the scope of discovery if two elements are satisfied. The rule states that "[p]arties may obtain discovery regarding any nonprivileged matter" if the information is both (1) "relevant to any party's claim or defense" and (2) "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1); 26(b)(2)(C)(iii); *see also* 26(b)(1), Advisory Comm. Notes (2015).[2]

---

[2] A party may no longer obtain information because it is "relevant to the subject matter involved in the action." In 1999, Rule 26(b)(1) stated that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." FED. R. CIV. P. 26(b)(1) (1999). In 2000, the rule was amended to curb overbroad discovery. *See* FED. R. CIV. P. 26(b)(1), Advisory Comm. Notes (2000). It required a party to show "good cause" before obtaining discovery that is "relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). In December of 2015, the rule will be amended again. FED. R. CIV. P. 26(b)(1), Advisory Comm. Notes (2015). The new rule will limit the scope of discovery to information that is (1) "relevant to any party's claim or defense" and (2) "proportional to the needs of the case." *Id.* These principles are currently codified in Rules 26(b)(1) and 26(b)(2)(C)(iii).

To be "relevant to any party's claim or defense," the requested information "need not be admissible in evidence." *Id*. To be "proportional to the needs of the case," the court examines the requested information in light of six factors: "[1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1); 26(b)(2)(C)(iii); FED. R. CIV. P. 26(b)(1), Advisory Comm. Notes (2015).

When a party signs a discovery request, response, or objection, it certifies that it has considered and complied with these factors. *See* FED. R. CIV. P. 26(b)(1), Advisory Comm. Notes (2015). Rule 26(g) states that a signature certifies that the request, response, or objection is "neither unreasonable nor unduly burdensome, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." FED. R. CIV. P. 26(g)(1)(B)(iii).[3] These provisions provide for "[l]iberal discovery," *see Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984), and echo the Supreme Court's mandate that courts and litigations must resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962).

If, as here, a party resists discovery, the requesting party may file a motion to compel. *See* FED. R. CIV. P. 37(a)(1). A facially valid motion to compel has two components. First, the motion must certify that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery. FED. R. CIV. P. 37(a)(1); LR 26-7(b); *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Second, the motion must include a threshold showing that the requested

---

[3] The 2015 amendments to Rule 26(b)(1) "restore[] the proportionality factors to their original place in defining the scope of discovery[, and] reinforce[] the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections." FED. R. CIV. P. 26(b)(1), Advisory Comm. Notes (2015).

information falls within the scope of discovery under Rule 26. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)).

If the requesting party makes these showings, the resisting party carries a "heavy burden" of demonstrating why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The resisting party must specifically detail the reasons why each request is improper. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."); *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted) ("To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'").

### III. DISCUSSION

Dr. Turner's motion is denied because he failed to demonstrate that the requested information falls within the scope of discovery under Rule 26. The motion seeks "(1) prior testimony/deposition transcripts and/or affidavits from employees who handled Plaintiff's claim; (2) employee training documents from Defendant's training session entitled 'Defining the Scope of the Insured's Own or Regular Occupation,'; (3) employee performance reviews from employees who handled Plaintiff's claims; and (4) Defendant's corporate ethics manual." (Doc. #28 at 3).

None of these requests are both "relevant to any party's claim or defense" and "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1); 26(b)(2)(C)(iii). The first category of information seeks discovery regarding other lawsuits. This information is irrelevant to Dr. Turner's claim and only tangentially related to the subject-matter of the action. Under current Rule 26(b)(1), a party may seek information that is "relevant to the subject-matter of the action" upon a showing that "good causes" exists to warrant the discovery.

Dr. Turner's motion did not argue that good cause exists to expand the scope of discovery. Instead, he relies on unpublished decisions involving other actions that are allegedly analogous to this case. It is unnecessary for the court to consider other cases that may be analogous when Dr. Turner did not demonstrate that his discovery requests are relevant to his claims and proportional to the needs of this case.

The court also finds that Dr. Turner's second and fourth discovery requests are not "proportional to the needs of the case." *See* FED. R. CIV. P. 26(b)(2)(C)(iii). He seeks training manuals and related training documents. He argues that this information is discoverable because a party may obtain "*all* responsive training documents." (Doc. #33 at 4). This is incorrect. Paul Revere has already provided its employee Code of Conduct and a Benefits Center Manual. And, Rule 26 directs the court to limit discovery that is "unreasonably cumulative or duplicative." FED. R. CIV. P. 26(b)(2)(C)(i). Dr. Turner did not demonstrate how the requested discovery is not unreasonably cumulative or duplicative in light of the needs of the case and Paul Revere's prior discovery. This is what Rules 26(b) and 26(g) require.

The court reaches a different conclusion with regard to Dr. Turner's fourth discovery request, which seeks "employee performance reviews from employees who handled Plaintiff's claims." (Doc. #28 at 3). This information is facially relevant to Dr. Turner's claim and "proportional to the needs of the case" in light of "the issues at stake in the action." FED. R. CIV. P. 26(b)(1); 26(b)(2)(C)(iii). The gravamen of Dr. Turner's complaint is that Paul Revere failed to honor its policy when it should have. Performance reviews by employees who handled Dr. Turner's claim may contain probative information.

In opposition, Paul Revere contends that employee performance reviews are not discoverable because they are privileged in Massachusetts, where Paul Revere is headquartered, and in Nevada, where this diversity action is pending. This argument is unpersuasive. It is unnecessary for the court to choose between upholding a party's right to discovery and denying a non-party's right to privacy. These

competing interests are easily reconciled by redaction. Paul Revere is ordered to produce the employee performance reviews and redact all of the employee's personal identifiers, including those listed in Federal Rule of Civil Procedure 5.2. This will ensure that the employee's information remains private while permitting Dr. Turner to obtain relevant information.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Dr. Turner's Motion to Compel (#28) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Dr. Turner's Motion to Compel is GRANTED with regard to "employee performance reviews from employees who handled Plaintiff's claims." Paul Revere is directed to redact the performance reviews and remove all personal identifiers from the performance reviews, including those listed in Federal Rule of Civil Procedure 5.2.

IT IS FURTHER ORDERED that Dr. Turner's Motion to Compel is DENIED with regard to all other discovery requests.

DATED this 28th day of August, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE